1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY RYAN PUGH,

        Petitioner,

  v.

PATRICK R. GLEBE,

        Respondent.

No. C10-5634 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  January 28, 2011**

    This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner Anthony Ryan Pugh filed this action under 28 U.S.C. § 2254 challenging his 1995 convictions for conspiracy to commit kidnapping in the first degree, conspiracy to commit robbery in the first degree, conspiracy to commit murder in the first degree, kidnapping in the first degree, and robbery in the first degree.  ECF No. 1; ECF No. 14-1, pp. 4-5.  Respondent filed a motion to dismiss the habeas petition as time-barred based on 28 U.S.C. § 2244(d), and provided the relevant state court record.  ECF Nos. 14, 15 and 16.  Petitioner filed a response.  ECF No. 19.

    After careful review of the parties' submissions, relevant portions of the state court procedural record, and balance of the record, the undersigned agrees that Mr. Pugh's petition was not timely filed within the one-year federal statute of limitations period under 28 U.S.C. § 2244(d) and should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

**A.      Basis for Custody**

     Mr. Pugh is confined pursuant to the lawful judgment and sentence of the Pierce County Superior Court.  On March 17, 1995, a jury found Mr. Pugh guilty of conspiracy to commit kidnapping in the first degree, conspiracy to commit robbery in the first degree, conspiracy to commit murder in the first degree, kidnapping in the first degree, and robbery in the first degree. ECF No. 14-1, Exh. 1, p. 1.[1]  The trial court imposed a total sentence of 352.25 months confinement.  *Id.*, p. 10 at ¶ 4.2(a).   The facts of Mr. Pugh's crimes are summarized by the Washington Court of Appeals in its unpublished opinion affirming the convictions and sentence. ECF No. 14-1, Exh. 7, p. 25.

**B.      State Court Procedural History**

     On May 22, 1995, counsel for Mr. Pugh filed a notice of appeal of the superior court judgment and sentence.  ECF No. 14-1, Exh. 2, p. 14.  Through counsel, Mr. Pugh filed an appellant's brief in the Washington Court of Appeals.  *Id.*, Exh. 3, p. 16.[2]  Respondent State of Washington filed a brief in response.   ECF No. 14-2, Exh. 4, p. 2.  Mr. Pugh filed a pro se supplemental brief and the State of Washington filed a response.  ECF No. 14-3, Exh. 5, p. 2, and Exh. 6, p. 13.  On September 5, 1997, the Washington Court of Appeals affirmed Mr. Pugh's convictions and sentences.  *Id.*, Exh. 7, p. 25.

     Mr. Pugh appealed the Washington Court of Appeals' decision to the Washington Supreme Court under Washington Supreme Court Cause No. 66036-1.  (The file under this cause

---

[1] Due to the size of the state court record, it is docketed under ECF Nos. 14, 15, and 16.  For ease of reference, the court refers to the ECF number or sub-number (*i.e.* 14-1) and the first page of each exhibit.

[2] The copy of the Appellant's Brief that was sent to Respondent's counsel from the Court of Appeals is missing page 9.

REPORT AND RECOMMENDATION - 2

number has been destroyed).  However, the event data screen for this case indicates that Mr. Pugh's petition for review was denied on February 3, 1998.  ECF No. 14-3, Exh. 7(a), p. 37.  On March 12, 1998, the Washington Court of Appeals issued a mandate.  *Id.*, Exh. 8, p. 39.

On January 23, 1998, Mr. Pugh filed a personal restraint petition in the Washington Court of Appeals under Cause No. 22898-0-II.  ECF No. 14-3, Exh. 9, p. 41.  That petition was denied on February 11, 1998.  *Id.*, Exh. 10, p. 54.  Mr. Pugh did not appeal the denial of his petition to the Washington Supreme Court.  The Washington Court of Appeals issued a certificate of finality on April 16, 1998.  *Id.*, Exh. 11, p. 56.

Mr. Pugh filed his next personal restraint petition in the Washington Court of Appeals on July 1, 2002, under Cause No. 29060-0-II.  ECF No. 14-4, Exh. 12, p. 2.  Respondent State of Washington filed a response.  *Id.*, Exh. 13, p. 29.  On February 19, 2003, the Washington Court of Appeals dismissed the petition.   *Id.*, Exh. 14, p. 66.  The Chief Judge expressly found that Mr. Pugh's petition was untimely because it was filed more than one year after his judgment and sentence reached finality.  *Id.* (citing RCW 10.73.090).  The Chief Judge also noted that Mr. Pugh did not seek to invoke any of the exceptions to the time limit.  *Id.* (citing RCW 10.73.100).

Mr. Pugh filed a motion for discretionary review in the Washington Supreme Court. ECF No. 14-4, Exh. 15, p. 69.  On May 22, 2003, the Washington Supreme Court denied review, rejecting Mr. Pugh's argument that the Juvenile Justice Act was unconstitutional and finding that the exception to the time limit did not apply.  ECF No. 14-5, Exh. 16, p. 2.  On February 17, 2004, the Washington Court of Appeals issued a certificate of finality.  *Id.*, Exh. 17, p. 5.

On October 25, 2004, Mr. Pugh filed another personal restraint petition in the Washington Court of Appeals under Cause No. 32554-3-II.  ECF No. 14-5, Exh. 18, p. 8.  On December 20, 2004, the Washington Court of Appeals dismissed the petition because the petition

REPORT AND RECOMMENDATION - 3

was time-barred. *Id.,* Exh. 19, p. 28. Mr. Pugh filed a motion for reconsideration in the Washington Supreme Court. *Id.*, Exh. 20, p. 32. The Washington Supreme Court Deputy Clerk advised the parties by letter that Mr. Pugh's motion for reconsideration would be considered a motion for discretionary review. *Id.*, Exh. 21, p. 41. The Washington Supreme Court dismissed the motion for discretionary review as untimely. *Id.*, Exh. 22, p. 43. Mr. Pugh filed a motion for reconsideration of the commissioner's ruling. *Id.*, Exh. 23, p. 45. The Washington Supreme denied the motion to modify. *Id.*, Exh. 24, p. 51. On May 18, 2005, the Washington Court of Appeals issued a certificate of finality. *Id.*, Exh. 25, p. 53.

On August 11, 2008, Mr. Pugh filed a motion for relief under CrR 7.8(b) in the Pierce County Superior Court. ECF No. 14-5, Exh. 26, p. 56. The Pierce County Superior Court transferred Mr. Pugh's motion to the Washington Court of Appeals to be handled as a personal restraint petition. *Id.*, Exh. 27, p. 76. On September 8, 2008, the Washington Court of Appeals asked Pierce County Superior Court Judge Thomas Felnagle to clarify whether the transfer of Mr. Pugh's petition from superior court to the court of appeals was appropriate under the new version of CrR 7.8. *Id.*, Exh. 28, p. 79 (Washington Court of Appeals Cause No. 38192-3-II). Judge Felnagle issued a second order transferring Mr. Pugh's petition to the Washington Court of Appeals because it appeared to be time-barred under RCW 10.73.090 and was untimely under CrR 7.8. *Id.*, Exh. 29, p. 81.

Mr. Pugh also filed a personal restraint petition under Court of Appeals Cause No. 38389-6-II. ECF No. 15, Exh. 30, p. 2. The Washington Court of Appeals consolidated Mr. Pugh's personal restraint petitions in Cause Nos. 38192-3-II and 38389-6-II. *Id.*, Exh. 31, p. 40. On December 17, 2008, the Washington Court of Appeals dismissed the consolidated petitions. *Id.*, Exh. 32, p. 42. Mr. Pugh filed a petition for review in the Washington Supreme Court. ECF

REPORT AND RECOMMENDATION - 4

No. 15, Exh. 33, p. 47.  On April 22, 2009, the Washington Supreme Court denied review.   ECF No. 15-1, Exh. 34, p. 2.  On June 15, 2009, the Washington Court of Appeals issued a certificate of finality on the consolidated petitions.  *Id.*, Exh. 35, p. 6.

On September 10, 2009, Mr. Pugh filed another personal restraint petition in the Washington Court of Appeals challenging his judgment and convictions.  ECF No. 16-1, Exh. 45, p. 7.  On November 6, 2009, the Court of Appeals dismissed that petition because it was time-barred by RCW 10.73.090(1).  *Id.*, Exh. 46, p. 20.  Mr. Pugh filed a motion for reconsideration with the Washington Supreme Court, which was treated as a motion for discretionary review.  *Id.*, Exh. 47, p. 23.  On January 8, 2010, the Washington Supreme Court denied review.  *Id.*, Exh. 48, p. 26.  On June 15, 2010, the Washington Court of Appeals issued a certificate of finality.  *Id.*, Exh. 49, p. 29.

In addition to the personal restraint petitions challenging his judgment and convictions, Mr. Pugh filed three personal restraint petitions in the Washington Court of Appeals in which he challenged disciplinary actions taken by the Washington Department of Corrections.  *See* ECF Nos. 15-1, Exh. 36, p. 8; ECF No. 16, Exh. 41, p. 2; and, ECF No. 16-1, Exh. 50, p. 31.  All three petitions were dismissed by the Washington Court of Appeals.  *See* ECF No. 15-1, Exh. 39, p. 82 and Exh. 40, p. 86; ECF No. 16-1, Exh. 43, p. 2 and Exh. 44, p. 5; ECF No. 16-1, Exh. 51, p. 72 and Exh. 52, p. 78.   These petitions are not relevant to the court's determination of whether Mr. Pugh's federal habeas petition is time-barred because the DOC-related petitions were not filed "with respect to the pertinent judgment or claim…".  *See* 28 U.S.C. § 2244(d)(2).

Mr. Pugh signed his federal habeas corpus petition on December 10, 2009.  ECF No. 1. Because of the mailbox rule, Mr. Pugh's petition is considered filed that same day.  *Huizar v.*

REPORT AND RECOMMENDATION - 5

*Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988).

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002).   State court findings are presumptively correct in federal habeas corpus proceedings, placing the burden squarely on the petitioner to rebut the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).  Because the deferential standards prescribed by § 2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA) control whether to grant habeas relief, a federal court must taken into account those standards in deciding whether an evidentiary hearing is appropriate. *Id.*

An evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).   The question of whether Mr. Pugh filed his petition within the one-year federal statute of limitations is a purely legal question that may be resolved by reference to the record before this court.  Accordingly, an evidentiary hearing is not required.

## ISSUES FOR REVIEW

In his federal habeas corpus petition, Mr. Pugh raises the following grounds for federal habeas review:

      1)      Do all conspiracy charges merge due to double jeopardy?

      2)      Was the [sic] insufficient evidence for conspiracy to murder?

REPORT AND RECOMMENDATION - 6

3)      Insufficient evidence for both kidnapping charges due to be incidental to robbery.

ECF No. 1, pp. 5-6 and 8.

## DISCUSSION

**A.      The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions.  28 U.S.C. § 2244(d).   A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final.  *Id.*  In general, a judgment becomes final on the date that direct review of the conviction is concluded.  28 U.S.C. § 2254(d)(1); *Wixom v. Washington*, 264 F.3d 894, 896 (9th Cir. 2001).  A court must resolve statute of limitations issues before resolving the merits of individual claims.  The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Id.* at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)      the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

REPORT AND RECOMMENDATION - 7

Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review."  Sup. Ct. Rule 13(1).

The Ninth Circuit in *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999) held that where a habeas petitioner sought review by the highest state court, but did not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court entered judgment, but on the date the time for seeking certiorari expires.  *See Bowen*, 188 F.3d at 1159. The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id.*  The same basic rule applies to cases where the Washington Court of Appeals' order is not appealed to the Washington Supreme Court.  Expiration of the time to appeal a final order triggers the running of the statute of limitations.  *Wixom v Washington*, 264 F.3d 894, 898 (9th Cir. 2001)

REPORT AND RECOMMENDATION - 8

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).   The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court.  28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).  A state court petition rejected as untimely is not "properly filed," and is not entitled to statutory tolling under section 2244(d)(2).   *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).   The U.S. Supreme Court recently held "that time limits, no matter their form, are "filing" conditions.  Because the [Pennsylvania] state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under section 2244(d)(2)."  *Pace*, 125 S. Ct. at 1814.

As noted above, the Washington Court of Appeals issued its mandate on March 12, 1998.  ECF No. 14-3, Exh. 8, p. 39.  Mr. Pugh filed his first personal restraint petition on January 23, 1998, which is slightly earlier than the date on which the mandate was issued.  ECF No. 14-3, Exh. 9, p. 41.  That petition was dismissed on February 11, 1998.  ECF No. 14-3, Exh. 10, p. 54.  Mr. Pugh did not appeal that order to the Washington Supreme Court.   Mr. Pugh's second personal restraint petition was filed in the Washington Court of Appeals on July 1, 2002.  ECF No. 14-4, Exh. 12, p. 2.  Therefore, more than four years ran on the federal statute of limitations between the date that Mr. Pugh's first personal restraint petition was dismissed in February 1998, and the date he filed his next personal restraint petition in July 2002.  As a result, the federal one-year statute of limitations period had expired long before Mr. Pugh even filed his second personal restraint petition in Exhibit 12.  Moreover, Mr. Pugh would not receive the benefit of statutory tolling for the petition filed in Exhibit 12 because the Washington Court of Appeals

REPORT AND RECOMMENDATION - 9

found that petition to be untimely, citing RCW 10.73.090.  ECF No. 14-4, Exh. 14, p. 66.  *See Pace v. DiGuglielmo*, 544 U.S. at 417.

Although Mr. Pugh filed another personal restraint petition in the Washington Court of Appeals on October 25, 2004, that petition was also expressly found to be time-barred.  ECF No. 14-5, Exh. 18, p. 8; ECF No. 14-5, Exh. 19, p. 28.  Thus, Mr. Pugh would also not receive the benefit of statutory tolling for any time in which that personal restraint petition was pending.

Finally, an additional three years ran on the federal statute of limitations between May 3, 2005, the date that Mr. Pugh's motion to modify the Commissioner's ruling was denied by the Washington Supreme Court, and August 11, 2008, the date that he filed his motion for relief under CrR 7.8(b) in the Pierce County Superior Court.  ECF No. 14-5, Exh. 24, p. 51; ECF No. 14-5, Exh. 26, p. 56.

The record reflects that Mr. Pugh signed his federal habeas corpus petition on December 10, 2009.  ECF No. 1, p. 14.  Because his habeas petition was filed in this court more than one year after his state court judgment became final, his petition is untimely under 28 U.S.C. § 2244(d) unless he can demonstrate he is entitled to either statutory tolling in a sufficient amount as to make his habeas petition timely, or, equitable tolling under the federal statute of limitations.

**B.    Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time.  *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).  "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Ignorance of the law, "even for

REPORT AND RECOMMENDATION - 10

an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

To equitably toll AEDPA's one-year statute of limitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quotation marks and citations omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted).

"The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) (citing *Pace*, 544 U.S. at 417, and distinguishing *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008), because petitioner had not relied detrimentally on any prior, subsequently invalidated precedent on tolling). A court cannot interpret the equitable tolling exception so broadly as to displace the statutory limitations that Congress crafted. *Id*. at 1014. Equitable tolling is not available in most cases. *Miles v. Prunty*, 187 F.3d at 1107.

Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/ Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (loss of legal materials during 27 day period did not warrant equitable tolling where petitioner did not show the loss prevented filing a petition during the remaining limitations period); *Miles v. Prunty*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to

REPORT AND RECOMMENDATION - 11

properly process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline).

Mr. Pugh argues that the "interest of justice demand this case be formally reviewed on its merits," because his case has "never been given a proper constitutionally sufficient review as far back as the direct review." ECF No. 19, p. 2. However, there is no evidence that Mr. Pugh was impeded in his ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Pugh from filing his habeas petition in a prompt fashion. Therefore, there are no grounds for equitable tolling in this case. Accordingly, Mr. Pugh's federal habeas petition is time barred and should be dismissed pursuant to 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

REPORT AND RECOMMENDATION - 12

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000)

There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## CONCLUSION

Mr. Pugh's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final.  There are no extraordinary circumstances in his case that require the application of equitable tolling principles.  Therefore, Mr. Pugh's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 28, 2011**, as noted in the caption.

**DATED** this 6th day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13